**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**SOUTHERN DIVISION**
**No. 7:23-CV-897**

IN RE:

| | |
|---|---|
| **CAMP LEJEUNE WATER LITIGATION** | **UNITED STATES' MOTION FOR** |
| | **SUMMARY JUDGMENT FOR LACK** |
| **This Document Relates To:** | **OF ADMISSIBLE EXPERT** |
| *Jefferson Criswell v. USA*, 7:23-CV-1482 | **TESTIMONY** |
| *Terry F. Dyer v. USA*, 7:23-CV-357 | **Fed. R. Civ. P. 56; L. Civ. R. 56.1(a)(1)** |
| *Mark A. Cagiano v. USA*, 7:23-CV-569 | |
| *Jimmy Laramore v. USA*, 7:23-CV-594 | **(BLADDER CANCER)** |
| *Edward Raymond v. USA*, 7:23-CV-546[1] | |

Pursuant to Federal Rule of Civil Procedure 56(a), the United States submits this Motion

for Summary Judgment on General and Specific Causation as it related to the Track 1 Disease

Bladder Cancer. As set forth in the United States' concurrently filed motions listed below, the

Plaintiffs' Leadership Group's ("PLG") only expert testimony on the critical issue of causation is

unreliable and should be excluded:

**General Causation**

- United States' Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("No Predicate Association Motion *Bladder Cancer*") (D.E. 582);

- United States' Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("Literature Review Motion") (D.E. 584);

**Specific Causation**

- United States' Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts for Performing Improper Differential Etiologies ("Improper Differential Motion") (D.E. 586)

---

[1] The Parties have reached agreement in principle on a settlement amount in *Raymond*. The Parties are currently finalizing the terms of the settlement. The United States will notify the Court and withdraw this motion as to *Raymond* once the settlement is final.

1

As explained in the accompanying memorandum of law, because PLG's expert testimony is unreliable, Plaintiffs are unable to satisfy the general and specific causation elements of their cases. Accordingly, the Court should grant summary judgment in favor of the United States on the issues of general and specific causation with respect to bladder cancer and dismiss the above-referenced matters.

Dated: September 10, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN GUYNN
Deputy Assistant Attorney General
Torts Branch

BRIDGET BAILEY LIPSCOMB
Chief
Camp Lejeune Justice Act Section

HAROON ANWAR
SARA J. MIRSKY
Acting Assistant Directors
Camp Lejeune Justice Act Section

ADAM BAIN
Special Litigation Counsel

MICHAEL CROMWELL
MEGAN GADDY
MELANIE KONSTANTOPOULOS
Trial Attorneys

*/s/ Nancy Tinch*
NANCY TINCH
D.C. Bar No. 1046814
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Camp Lejeune Justice Act Section
1100 L Street NW
Washington, DC 20005
(202) 532-5990
Nancy.Tinch@usdoj.gov

Attorney inquiries to DOJ regarding the
Camp Lejeune Justice Act:
(202) 353-4426

*Attorneys for Defendant,*
*United States of America*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2025, I electronically filed the foregoing using the Court's Case Management/Electronic Case Files system, which will send notice to all counsel of record.

_/s/ Nancy Tinch_
Nancy Tinch

4