# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION
No. 7:23-cv-897

IN RE:
CAMP LEJEUNE WATER LITIGATION

This Document Relates To:

*Jefferson Criswell v. USA*, 7:23-CV-1482-M
*Terry F. Dyer v. USA*, 7:23-CV-357-M
*Mark A. Cagiano v. USA,* 7:23-CV-569-M
*Jimmy Laramore v. USA*, 7:23-CV-594-M
*Bruce W. Hill v. USA*, 7:23-cv-00028-D
*Karen Amsler v. USA*, 7:23-cv-00284-D
*Frances Carter v. USA*, 7:23-cv-1565-D
*Robert Kidd v. USA*, 7:23-cv-01489-D
*Scott Keller v. USA*, 7:23-cv-01501-D
*Edward Raymond v. USA*, 7:23-CV-546-M
*Robert Fiolek v. USA*, 7:23-CV-00062-D
*Jose Vidana v. USA,* 7:23-cv-01575-M[1]

**DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR LACK OF EXPERT TESTIONY ON BUT-FOR CAUSATION**
(Fed. R. Civ. P. 56(a); L. Civ. R. 56.1)

Pursuant to Federal Rule of Civil Procedure 56(a) and Local Civil Rule 56.1, the United States moves for summary judgment in the above-captioned cases. To establish specific causation under the Camp Lejeune Justice Act's "but-for analysis," plaintiffs must offer expert testimony to establish that exposure to Camp Lejeune water was the cause (*i.e.*, an independently sufficient cause) of their alleged harms. However, PLG's specific causation experts' opinions for certain Track I Trial Plaintiffs rely on the more permissive "contributing factor" standard, rather than opining that exposure to Camp Lejeune water was the cause of the harms alleged. Thus, the above-captioned Track I Trial Plaintiffs lack expert testimony to meet the CLJA's specific causation

---

[1] The Parties have reached agreement in principle on a settlement amount in *Raymond*, *Fiolek*, and *Vidana*. The Parties are currently finalizing the terms of the settlements. The United States will notify the Court and withdraw this motion as to these cases once the settlements are final.

1

requirement–an essential element of their claims. Accordingly, their claims fail as a matter of law, and the United States is entitled to summary judgment pursuant to Fed. R. Civ. P. 56 (a).

In support, the United States relies on the arguments and authorities in its accompanying Memorandum in Support, the Local Civil Rule 56.1 Statement of Material Facts, and the Appendix to the Local Civil Rule 56.1 Statement of Material Facts,

Dated: September 10, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General,
Civil Division

JONATHAN GUYNN
Deputy Assistant Attorney General,
Torts Branch

BRIDGET BAILEY LIPSCOMB
Chief, Camp Lejeune Unit

ADAM BAIN
Special Litigation Counsel

NATHAN J. BU
KAILEY SILVERSTEIN
JOSHUA G. CARPENITO
JOSEPH B. TURNER
Trial Attorneys

*/s/ Haroon Anwar*
Haroon Anwar
Acting Assistant Director
United States Department of Justice
Civil Division, Torts Branch
Camp Lejeune Justice Act Section
1100 L Street, NW
Washington, DC 20005
(202) 598-3946
haroon.anwar@usdoj.gov

Attorney inquiries to DOJ regarding CLJA:
(202) 353-4426
*Attorneys for Defendant,*
*United States of America*

3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 10, 2025, I electronically filed the foregoing using the Court's Electronic Case Filing system, which will send notice to all counsel of record.

*/s/ Haroon Anwar*
HAROON ANWAR

4