IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:23-CV-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | |
| ) | |
| This Document Relates To: ) | |
| ) | |
| Amsler v. United States, 7:23-CV-284 ) | |
| Cagiano v. United States, 7:23-CV-569 ) | |
| Carter v. United States, 7:23-CV-1565 ) | |
| Connard v. United States, 7:23-CV-1557 ) | |
| Criswell v. United States, 7:23-CV-1482 ) | |
| Davis v. United States, 7:23-CV-43 ) | |
| Downs v. United States, 7:23-CV-1145 ) | |
| Dyer v. United States, 7:23-CV-357 ) | |
| Fancher v. United States, 7:23-CV-275 ) | |
| Fiolek v. United States, 4:23-CV-62 ) | ORDER |
| Gleesing v. United States, 7:23-CV-1486 ) | |
| Hill v. United States, 7:23-CV-28 ) | |
| Howard v. United States, 7:23-CV-490 ) | |
| Keller v. United States, 7:23-CV-1501 ) | |
| Kidd v. United States, 7:23-CV-1489 ) | |
| Laramore v. United States, 7:23-CV-594 ) | |
| McElhiney v. United States, 7:23-CV-1368 ) | |
| Mousser v. United States, 7:23-CV-667 ) | |
| Peterson v. United States, 7:23-CV-1576 ) | |
| Raymond v. United States, 7:23-CV-546 ) | |
| Rothchild v. United States, 7:23-CV-858 ) | |
| Tukes v. United States, 7:23-CV-1553 ) | |
| Sparks v. United States, 7:23-CV-682 ) | |
| Vidana v. United States, 7:23-CV-1575 ) | |
| Welch v. United States, 7:23-CV-1503 ) | |

I.

Citing a lapse in appropriations, the United States of America, through its counsel, the Department of Justice, moves the court in the above-captioned cases for a stay of all case deadlines. [DE-642]. Specifically, the government has asked the court to stay all deadlines for

the length of the lapse in appropriations, plus an additional 14 days following the restoration of funding, to allow for an orderly resumption of litigation. In the alternative, the government seeks an extension of 30 days of all deadlines in the above-captioned cases. The Plaintiffs' Leadership Group ("PLG") has responded in opposition to the motion. [DE-643].

In support of its blanket request, the government advises the court that "[a]bsent an appropriation, Department of Justice employees are prohibited from working, even on a voluntary basis, except in very limited circumstances, including 'emergencies involving the safety of human life or the protection of property.'" [DE-642] at 2 (citing 31 U.S.C. § 1342). The government explains further that the lapse in appropriations requires a reduction in the Department of Justice workforce as well as in the agencies it represents or relies on during litigation particularly with respect to defense of civil cases. *Id.* According to the government, as a result of the lapse in appropriations, the Trial Attorneys in the Camp Lejeune Justice Act ("CLJA") matters have been furloughed for non-excepted cases and are prohibited from working on such cases. *Id.*

II.

The decision to grant a stay is discretionary and within the court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Under Rule 16, the court's scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). The court must also heed the mandate of Fed. R. Civ. P. 1 in administering the rules to "secure the just, speedy, and inexpensive determination of every action and proceeding."

III.

This dispute concerns the ongoing CLJA litigation in this district. *See* Pub. L. No. 117-168, § 804, 135 Stat. 1759, 1802–04. With the CLJA, Congress created a new federal cause of action permitting "appropriate relief for harm that was caused by exposure to the water at Camp Lejeune" for individuals who resided, worked, or were otherwise exposed for not less than 30 days during the period between August 1, 1953, and December 31, 1987. *See id.* § 804(b); *In re Camp Lejeune Water Litig.*, 736 F. Supp.3d 311, 317 (E.D.N.C. 2024).

According to the parties' most recent status report, more than 3,600 complaints have been filed in this district while over 409,000 individual administrative claims have been submitted to the Department of the Navy. [DE-638]. For more than two years this court has been meeting with the parties bi-monthly, setting case deadlines, and monitoring the progress the parties have been making toward ultimate resolution of these cases. As the PLG rightfully points out in its response, a large majority of the Plaintiffs in the CLJA litigation is an ailing and older population, and further delay will only compound the problem of seeing their cases reach conclusion. [DE-643] at 2.

In recognition of the need to efficiently and expeditiously litigate CLJA matters, this court established a bellwether trial process and carefully structured the Track 1 bellwether cases into phases with deadlines which were intended to move the cases forward. At present, Phase I of the Track 1 bellwether cases is complete and Phase I motions are ripe for determination. Phase II and Phase III briefing is underway and these motions will ripen for determination December 12, 2025, while the parties continue to be engaged in additional economic discovery. The court has also appointed Settlement Masters to manage ADR (i.e., alternative dispute

3

resolution) efforts by the parties to the CLJA litigation. As reflected in the status reports previously submitted by the Settlement Masters, substantial efforts have been made toward settlement and those efforts are ongoing. [DE-340 & -406]. The requested stay, of an indeterminable length, would be a severe disruption to the case deadlines the court has established and cause undue delay to the resolution of the CLJA cases.

To the extent the government contends it is prohibited from working on these cases due to the current lapse in appropriations, other courts have not been so persuaded and have instead found that such work is in fact authorized. *See Lehman v. United States Dep't of Labor*, No. 25-11846, 2025 WL 2808472, at *1 (E.D. Mich. Oct. 2, 2025) ("labor by government counsel not otherwise 'authorized by law' nevertheless is authorized when counsel is ordered by a federal court to comply with its scheduling deadlines.") (citations omitted). Indeed, DOJ's published guidance indicates the agency is staffed and it is able to continue working on these cases if the court orders it despite the lapse in funding. *See* U.S. Department of Justice FY 2026 Contingency Plan at 3 (dated September 29, 2025), found at www.justice.gov (Last visited October 2, 2025) ("If a court denies such a request [for a stay] and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue."); *see Lehman*, 2025 2808472, at *2.

In sum, the court finds no good cause to support the motion, nor would allowing the motion help foster a just, speedy, and inexpensive determination of these cases. Accordingly, the government's blanket motion is denied. However, individual plaintiffs may seek such relief if they can demonstrate a particularized need for a stay.

4

So ordered, the 6th day of October 2025.

                                                          Robert B. Jones, Jr.
                                                          United States Magistrate Judge